### SARAH KING v. MARY FERGUS.

Court of Common Pleas. April, 1801.

*Wilson's Red Book, 347.*

*Vining* and *Rodney* for plaintiff. *Cooper* and *Wilson* for defendant.

Defendant offered a receipt for fifteen pounds paid in 1791 by defendant's late husband, James Fergus, to Stephen Redden, constable, being the money for which the constable had struck him off to James Fergus at public sale; and proved the handwriting of Redden, and that he was a constable.

Plaintiff's counsel objected to the receipt. This production is not competent, unless accompanied with the magistrate's judgment and execution. The rules of evidence are of unspeakable importance and should, as far as possible, be uniform. A sheriff's deed is denied in the courts of law to be evidence without the proceedings under which it was had; this case is precisely similar, and where there is the same reason, there is the same law. The defendant claims under the constable, and, therefore, unless the constable had a right to sell [to] the defendant, she fails in her plea. Her claim is illegal unless the sale was legal, and this ought to appear. This pretended sale may have been wholly irregular or have been actually set aside; in such case the goods are usually ordered to be delivered up, and yet in this manner such sale might be established.

Defendant's counsel. This receipt has been regularly sworn to, plainly proves a substantive fact that the money was paid for the boy. This it fairly establishes without dependence on any judgment or execution whatsoever. What its effect may chance to be when other evidence shall have been given is at present impossible to be known. If it shall turn out unimportant to defendant for the reason alleged or any other, the plaintiff is not injured by the reading it to the jury.

We admit that a sale by a constable may be considered as a sale by a sheriff, but cannot agree that the practice has been to refuse a sheriff's deed without the proceedings. A sheriff's sale will perhaps be insufficient evidence of title, unless warranted by the proceedings, and we do not deny that an irregularity of execution may be taken advantage of in evidence on an ejectment; but if the proceedings have been regular, the sale will stand though the judgment should afterwards be reversed (1 Del.Laws 115.) The rule at common law is still stronger with regard to a sheriff's sale of personal property; for in such case, not only when the judgment is afterwards reversed, but even if sheriff shall sell the goods of a stranger, the sale shall stand and the purchaser's title be good, 3 Co. 96b, and certainly a public sale by an officer is as much favored as the promiscuous sales in a market overt, where even the rights of infants and *femes coverts* are

bound. But if such sale cannot be given in evidence unless the judgment and execution are first in evidence, purchasers at those sales, which require to be favored by the laws, will by the application of the rule of *caveat emptor* be discouraged from purchasing or venturing the risk of the regularity of the judgment and proceedings. In *Peery's Lessee v. Burton* a sheriff's deed was given in evidence for defendant without the judgment, and the distinction in 2 Bl.R. 701 was recognized that the judgment ought to be given in evidence, but if not produced it is to be left to the jury to presume there was one or not. It was even doubted by Bassett, C. J., in *Bratten's Lessee v. Wootten* whether a sheriff's deed was at all necessary, and whether a sale without a deed would not have been sufficient. If this were an action of trespass against the sheriff for selling plaintiff's Negro, she not having been defendant in the original proceedings, it [would] be incumbent on the sheriff to produce a copy of the judgment for his justification, 5 Burr. 2631, 1 Esp.N.P. 419; but if she had been the person against whom the execution had issued, he need not show the judgment, Ld.Raym. 733, [1] Esp.N.P. 419. But the question in these cases is not what is competent evidence, but what evidence is a sufficient justification. As to the effect of this receipt, that is for the consideration of the jury, and if the court think it insufficient unless the proceedings are shown, they can so direct the jury.

PER CURIAM. BOOTH, C. J. The Court are of opinion that this paper should not be read to the jury.

NOTE. The CHIEF JUSTICE after the trial in conversation told me this decision was rather against his own opinion.

Defendant then proved James Fergus to have had possession of Negro Jesse from 1791 or 1792 until his death; that defendant, his executrix, has had possession of him ever since.

Plaintiff proved the Negro Jesse to have been originally the property of Elias Conwell, deceased, and that he gave him to his daughter, the plaintiff, then wife of William King, who was possessed of him until Fergus's possession commenced. That William King is dead. That James Fergus said he did not think he had a good title to the Negro, but he would credit William King to the full value of him.

Plaintiff's counsel. The defendant has not shown the property to have been hers or James Fergus's. The property is proved to have been Elias Conwell's, and that he gave it us; there is no further proof of property, and therefore defendant has not established her plea of property. The acknowledgment made by

Mr. Fergus, though made since the Act of 1792 [2 Del.Laws 1031], which reduces the limitation from six to three years, will give the plaintiff six more years to sue in, because the original cause of action having commenced when six years was the time allowed for suing in, the acknowledgment revives the original cause of action, which has again the same term of six years to continue, and there have not elapsed six years since that acknowledgment. This construction of the law is established by s. 7 of c. 248b, [2 Del.Laws 1033], which provides that nothing in that Act shall extend to a cause of action that arose before the Act, as this evidently did. That acknowledgments will extend to bar limitation in trover has been decided by the late Chief Justice Read in the case of McCannon, which was trover for a certificate; and there is the same reason that it should revive the cause of action in replevin.

Defendant's counsel. It must be admitted that defendant has to make good her plea of property, but she is not obliged to show the commencement of her right on such plea. It is sufficient *prima facie* that she has had the exclusive and peaceable possession, because such possession is title until a better is shown or unless it appear the defendant obtained it illegally from plaintiff. Otherwise any plaintiff, whether he has a lawful claim or not, might recover in replevin against any person, without showing any evidence of title, a chattel of which the latter may be lawfully possessed,—and yet possession is favored in law. The plaintiff can have no claim for the gift to her, and the possession of her husband made the Negro his, and she has not sued as executrix or administratrix nor shown any bequest or conveyance from William King.

The Statute of Limitations is in this case clearly a bar, for upon the supposition that there was a proper acknowledgment by James Fergus, and that such would revive the cause of action in replevin, the construction put upon the 7th section of c. 248 [2 Del.Laws 1033], is not the natural one, for the Act is only thereby prevented from an operation upon causes of action commencing under the former Act; but acknowledgment is a new promise or cause of action, and limitation runs from such promise in all cases as if it was the original cause of action. Otherwise it could never have the effect to prevent the bar, and the time is counted from the commencement of the action. But in this case there is no acknowledgment of plaintiff's right or cause of action, and therefore on no construction is there a revival of her right, if such she could have had to sue. Fergus only expressed a doubt of the validity of his own title.

PER CURIAM. BOOTH, C. J. (Charge.) Gentlemen of the jury, the arguments which you have heard have so entirely exhausted the subject that there remains little room for the Court for explanation. This is a replevin for a negro boy. Defendant pleads property in herself and limitation. As to the question of property, that is for your consideration, and we shall not interfere with your province. Possession is evidence of property, though not conclusive, because it may be repelled or destroyed, but unless it is destroyed or repelled, it is conclusive. Unless plaintiff had shown a title in herself, or a prior possession in herself, the defendant ought not to lose the possession. As to the second ground of defense, it is contended that this action is not barred by time, because of a subsequent acknowledgment. We are in doubt how far an acknowledgment will revive the cause of action in replevin. We know of no such determination, but will not say it cannot have such effect; but such acknowledgment ought to be of the party's right, and if there has been no such acknowledgment this action is barred.

Verdict for the defendant.